Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered June 8, 2012, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the *821 verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant’s contention, the fact that he was acquitted of criminal possession of a weapon in the second degree with the intent to use the weapon unlawfully against another (Penal Law § 265.03 [1] [b]) and reckless endangerment in the first degree (Penal Law § 120.25) did not undermine the sufficiency or weight of the evidence supporting the convictions of criminal possession of a weapon in the second degree outside the home or place of business (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]), and tampering with physical evidence (Penal Law §215.40 [2]; see People v Rayam, 94 NY2d 557, 563 [2000]; People v Mehmood, 112 AD3d 850, 851 [2013]; People v Mercado, 102 AD3d 813, 813 [2013]).
The Supreme Court did not err when it gave a supplemental instruction regarding constructive possession of a weapon in response to a note from the jury (see People v Malloy, 55 NY2d 296, 302 [1982]; People v Pilgrim, 293 AD2d 496, 497 [2002]; People v Simeona, 194 AD2d 701, 701 [1993]; cf. People v Nevins, 16 AD3d 1046, 1047 [2005]).
Rivera, J.P., Austin, Roman and Barros, JJ., concur.